## CARSON v. PRATER.

PLEADING AT LAW.—*Trespass de bonis asportatis.—Not guilty.*

1. In an action of trespass *de bonis asportatis*, the plea of not guilty, does not put in issue the title of the plaintiff, but amounts only to a denial of having committed the trespass alleged. (1 Chit. Pl. 519.)

THE SAME.—*Special Plea.*

2. In an action of trespass *de bonis asportatis*, brought to recover damages for the wrongful taking of a horse left in the custody of the plaintiff, by the owner, who had died before the commencement of the suit, a special plea alleging the horse not to be the property of the plaintiff, tenders an immaterial issue, and is bad. Such a plea should allege an independent right of some description in the defendant, or a right in some third person, with right derived by the defendant from such third person. (Crawford v. Bynum, 7 Yerg. 381, 383.)

TRESPASS DE BONIS ASPORTATIS.—*Possessory right.*

3. An actual and exclusive possession is sufficient to enable the plaintiff to maintain an action of trespass *de bonis asportatis* against a

mere stranger having no right.    (Crimer v. Pike, 2 Head, 398 ;  Craw-
ford v. Bynum, 7 Yerg. 381.)

### THE SAME.—*Case in judgment.*

4.    The plaintiff's son, on joining the army, delivered to  plaintiff his
    horse, with directions as to its disposal in case he should never return.
    The defendant took the horse from the plaintiff during the son's ab-
    sence.  The son afterwards died, and the father brought an action
    to recover damages for the wrongful taking of the horse.    *Held:*
    that it was not necessary that the suit should have been brought in
    the name of an administrator.  The father could have maintained
    the action by virtue of his possessory right, had the son been living ;
    and the son's administrator could have no higher rights in the prem-
    ises than his intestate had while living.

McCLAIN, J., delivered the opinion of the Court :

It is insisted in this case that there is error in the charge
of the court.

Thomas Prater left home and went into the  army during
the late war, and left a horse in the possession of his father,
the plaintiff below, with  directions as to  what disposition
should be made of  the horse in the event he never returned.

Plaintiff in error, it is alleged, with others, being  mere
strangers, wrongfully took this animal from the possession
of the plaintiff below, and this  suit is  brought to  recover
damages for the wrongful taking of this horse and one other
horse, in reference to which there seems to be no controver-
sy as to title.    There was a verdict and judgment in favor
of plaintiff below, and the defendant has appealed to  this
court.

It has been insisted, in argument, that plaintiff below had
a right to this horse as a  *donatio mortis causa,* which is
denied by the plaintiff in error.

In the view we have taken of  this case, it is unnecessary
to determine that question.

The court charged the jury, that, notwithstanding Thomas Prater, jr., was dead when this suit was instituted, yet, if this horse had been left in the possession of plaintiff, and the defendant below took, or assisted in taking the horse, the plaintiff below might maintain the action as bailee, and that the suit could not be brought in the name of the administrator of Thomas Prater, jr.

It is, perhaps, not strictly correct to say that the suit might be maintained as bailee, for that relation would be dissolved on the death of Thomas Prater, jr. But, notwithstanding this is so, we cannot perceive that there is error in these instructions to the jury of which the plaintiff in error can complain.

The horse was taken before the death of Thomas Prater, Jr.

The defendant filed two pleas—one is the plea of not guilty, the other is a special plea—alleging the horse not to be the property of the plaintiff.

In an action of trespass *de bonis aspotatis*, the plea of not guilty, does not put in issue the title of the plaintiff, but amounts only to a denial of having committed the trespess alleged. 1 Chitty Pleadings 519.

As to the other plea, it tendered an immaterial issue in this action. It should have alleged an independent right of some description in the defendant, or a right in some third person, with right derived by the defendant from such third person, 7 Yer., 383.

An actual and exclusive possession is sufficient to enable the plaintiff to maintain the action against a mere stranger having no right. This principle is now too well settled to admit of discussion. Crimer vs. Pike, 2 Head., 398. Crawford & Smith vs. Bynum, 7 Yer., 381.

Carson v. Prater.

It matters not that Thomas Prater, Jr., was dead at the time the suit was commenced. The plaintiff could have maintained this action against a stranger, if Thomas Prater, jr., had continued to live, and the relation of bailor and bailee had not existed, and his administrator, when appointed, would not be clothed with rights of higher grade than his intestate had while living.

Let the judgment be affirmed.

*Judgment affirmed.*